John L. Rizzo, Esq. County Attorney, Genesee County
As attorney for Genesee County, you ask whether the 1977 amendment to Highway Law, Article 9, § 231(1), enacted by chapter 737 of the Laws of 1977, alters 1965 Op Atty Gen (Inf) 82 in which we concluded that a resolution of the Board of Supervisors of Genesee County ("board") taking over town bridges, adopted pursuant to Highway Law, § 231(13), does not apply to bridges in the City of Batavia ("city"), a city of the third class located in that county. Section 231(13) provides, in part:
 "13. Notwithstanding the provisions in [section 231] or elsewhere in this chapter, the board of supervisors of Genesee County and/or Wyoming County, at any time, upon recommendation of the county superintendent, may take over any bridge having a span of five feet or over which is on a town highway * * * although such bridge may not have been condemned, for the purpose of maintaining and preserving the same under the supervision of the county superintendent." (Emphasis supplied.)
Highway Law, Article 9, § 232 provides, in part:
 "Except as otherwise provided by law, a city of the third class shall be deemed a town for the purposes of [Article 9]."
The question presented is whether, as a result of the 1977 amendment, the phrase "town highway" as stated in section 231(13) now also refers to city streets in cities of the third class by virtue of the provisions of section 232, thus including bridges located on such streets under a resolution adopted in accordance with section 231(13). In our 1965 opinion, we stated that a resolution adopted under Highway Law, §231(13) does not include bridges located in cities, notwithstanding the language of Highway Law, § 232, since former section 231 did not apply to such bridges. (See historical note to Highway Law, § 231 [McKinney's 1979] in relation to chapter 737 of the Laws of 1977.)
Prior to the 1977 amendment, a county had no jurisdiction under Highway Law, § 231(1) over bridges located in cities (id.). Former section 231(1) required a county superintendent to inspect bridges located on county roads or town highways "outside" of cities. A county could take over such inspected bridges as were of a certain minimum width and which had been condemned (Highway Law, § 231[1] and [6];Wilson v Oneida County, 152 Misc. 645 [Sup Ct, Oneida Co, 1934]). Section 231(1), as amended by chapter 737 of the Laws of 1977, now applies to bridges in cities and requires the superintendent to inspect all bridges, including bridges in cities other than New York City except those on the State highway system, or under the jurisdiction of a public authority (see letter to Governor dated June 18, 1977 from Donald A. Walsh, counsel to New York Conference of Mayors, and Memorandum to Governor dated June 30, 1977 from the Division of the Budget in relation to Assembly Int 3885-A, enacted as L 1977, ch 737; Highway Law, §231[1]). The power of a county to take over such bridges by condemnation has been retained (Highway Law, § 231[6]).
While it is clear that the 1977 amendment to section 231(1) has given counties jurisdiction over bridges located in cities, it has no direct application to section 231(13).* For that reason, we do not think that the amendment alone is dispositive of the question whether a resolution under Highway Law, § 231(13) includes bridges on city streets in cities of the third class. Therefore, in order to answer the question at hand, we must also consider the provisions of, and the relationship between, sections 231(13) and 232.
Highway Law, § 231(13) authorizes the board in Genesee County to take over certain bridges located on "town highways". This provision was enacted in order to give your county greater authority than that provided in former section 231(1) over bridges in that county under the jurisdiction of local governments that lacked adequate resources to maintain these structures (see Sponsor's Memorandum to Governor dated March 30, 1939 in relation to Assembly Int 1355, Pt 1447, enacted as L 1939, ch 295, the present Highway Law, § 231[13]).**
Highway Law, § 232 states that a city of the third class shall be deemed a town, except as otherwise provided by law. The relationship between these provisions is unclear. Whether the Legislature intended that section 232 should apply to section 231[13] cannot be stated with certainty, since the latter subparagraph is, to a certain extent, independent of every other provision of the Highway Law (Highway Law, § 231[13]).
However, we believe that section 232 can and should be applied to a section 231(13) resolution, for to do so would be consistent not only with the broad grant of power given to your county over bridges in local jurisdictions under section 231(13), but also with the general grant of power given to counties over bridges in cities under the 1977 amendment to section 231(1). In determining the meaning of a statute, all parts of that statute should be read together and, if possible, harmonized so as to give meaning and effect to all of its provisions (Evans v Newman,100 Misc.2d 207 [Sup Ct, Albany Co, 1979], affd 71 A.D.2d 240 [3d Dept, 1979], affd 49 N.Y.2d 904 [1980]). Considering the effect of the 1977 amendment and the purpose of section 231(13), we think that it is reasonable to assume that, since Genesee County may now take over bridges on city streets in cities of the third class by condemnation under section 231(1) and (6), it may also do so by resolution under subparagraph 13. Furthermore, we are unaware of any specific provision of law that would render Highway Law, § 232 inapplicable to section 231(13).
We are of the opinion, therefore, that the phrase "town highway" in section 231(13) should be read to include "city streets" in cities of the third class in Genesee and Wyoming Counties so that a resolution adopted under that section applies to bridges on those streets. In reaching this conclusion, we find it necessary to supersede, but not overrule, our earlier opinion. Although that opinion rested solely upon former section 231(1) and did not consider the relationship between sections 231(13) and 232, this was of no consequence since the language of former section 231(1) precluded us from reaching a different conclusion at that time.
In a telephone conversation with this office in relation to your request for an opinion, you also asked whether the county could provide financial assistance to the city for the purpose of constructing or reconstructing bridges located in the city. We direct your attention to Highway Law, § 131-k, which authorizes a county, with the consent of a municipality in the county, to provide financial aid to the municipality for the construction or reconstruction of certain bridges.
We conclude that a resolution of the Board of Supervisors of Genese County taking over bridges on town highways, adopted pursuant to Highway Law, § 231(13), applies to bridges on city streets in the City of Batavia, a city of the third class in such county. 1965 Op Atty Gen (Inf) 82 is superseded.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* Highway Law, § 231(1) and (13) are, to a great extent, independent provisions. Although both are found in section 231 entitled "Bridges not on the improved state system of highways", subparagraph 1 relates to inspection and condemnation (see, also, Highway Law, §231[6]), of bridges by a county superintendent whereas subparagraph 13 relates to the takeover of bridges which may not have been condemned. Subparagraph 13 is a special provision having local effect, which applies to Genesee County "notwithstanding the provisions" of subparagraph 1 (id., § 231[13]). The 1977 amendment has no direct application to resolutions adopted under subparagraph 13, but relates solely to the scope of the superintendent's duty of inspection under subparagraph 1.
** We note that the Legislature was careful to distinguish bridges located on town highways "outside" of cities in former section 231(1) from bridges on town highways in section 231(13) and therefore presumably intended that the latter subparagraph apply to bridges in cities. (See historical note to Highway Law, § 231[1], supra; Highway Law, § 231[13]; compare, also, Highway Law, § 231[10], [11] and [12] with Highway Law, § 231[12-a].)