■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF PUBLIC WORKS, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. [644 NYS2d 873] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which determined that Long Island Lighting Company had correctly rebilled petitioner's electric account for 1986.

The facts underlying this proceeding are uncomplicated and undisputed. Petitioner is an electricity customer of Long Island Lighting Company (hereinafter LILCO). In December 1987, LILCO installed a time-of-use electric meter in petitioner's facility and thereafter computed petitioner's electric bill in accordance with its time-of-use rate for large nonresidential customers (hereinafter SC 2-MRP). Subsequently, petitioner's utility consultant requested that LILCO review its account for the period from January 3, 1985 to December 31, 1986 to determine whether petitioner qualified for the SC 2-MRP rate prior to December 1987. In its review, LILCO found an incorrect entry in a meter reading, indicating that petitioner's actual usage for September 1985 was either marginally higher or lower than originally reported. LILCO voluntarily resolved the uncertainty in petitioner's favor and, as a result of the substituted consumption level for that month, petitioner qualified for the SC 2-MRP rate approximately one year earlier than originally determined. Employing a rate recomputation methodology that estimated petitioner's usage during the three rate periods applicable to SC 2-MRP (not at issue here), LILCO computed lower bills for eight and higher bills for four of the monthly billing periods, resulting in a net credit to petitioner of $4,799.13.

Taking the position that, although it was entitled to a credit for the eight reduced billings, 16 NYCRR 13.9 (c) (1) prohibited LILCO from offsetting the increases in the remaining four billings, petitioner asked LILCO to recompute the bill accordingly. LILCO rejected petitioner's analysis and, after unsuccessful administrative review, petitioner appealed to respondent. Respondent upheld LILCO's computation of the credit due petitioner, prompting this CPLR article 78 proceeding.

As a threshold matter, we note that the petition raises only legal issues involving the construction of Public Service Commission regulations and their application to undisputed facts. Because no substantial evidence question is involved, Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g). Nonetheless, we shall determine the proceeding in the interest of judicial economy (see, Matter of Mid-State Indus. v City of Cohoes, 221 AD2d 705, 706; Matter of Citizens For An Orderly Energy Policy v Cuomo, 159 AD2d 141, 151, n 2, affd 78 NY2d 398).

Addressing the merits of the petition, we are not persuaded that, in recomputing petitioner's charges under the SC 2-MRP rate, LILCO violated that provision of 16 NYCRR 13.9 (c) (1) that a utility "not bill a customer for service rendered more than 12 months before the utility actually became aware of the circumstance, error or condition that caused the underbilling". Under the SC 2-MRP rate methodology, electric rates are highest during periods of peak demand (10 A.M. to 10 P.M. on Monday through Saturday during the months of June through September) and lowest during periods of decreased demand (midnight to 7 A.M.). Because the scheme cannot work if customers are permitted to take advantage of the favorable off-peak rates but avoid the costly peak rates, the applicable tariff requires that SC 2-MRP customers stay with that rate plan for an entire year.

Recognizing that fact, respondent reasonably concluded that the rebilling could not be segmented in the fashion proposed by petitioner and that, because rebilling for the overall period resulted in a net credit to petitioner, the backbilling limitations of 16 NYCRR 13.9 (c) simply did not come into play. In contrast, the rebilling methodology proposed by petitioner would require LILCO to violate the applicable tariff and its legal obligation to collect for electricity in accordance with its rate schedule (see, Public Service Law § 66 [12] [d]; *Matter of Capital Props. Co. v Public Serv. Commn.*, 91 AD2d 726, 727). For the same reason, we agree with respondent that, although LILCO could not charge petitioner interest for periods when the accumulated overpayment amount fell below zero, for billing periods when rebilling on SC 2-MRP increased petitioner's bills, LILCO was entitled to reduce the accumulated overpayment amount on which it must pay interest by the amount of the resulting underpayment.

Petitioner's remaining contentions have been considered and found lacking in merit.

Cardona, P. J., White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.