■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Petitioners, v

STATE OF NEW YORK PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [669 NYS2d 761] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that the County of Monroe had not committed an improper employer practice.

Petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA) filed an improper practice charge against the County of Monroe alleging that its unilateral submission of a proposal to the County Legislature seeking to upgrade the titles of physical and occupational therapists employed by the County Department of Health and Monroe Community Hospital violated Civil Service Law § 209-a (1) (a) and (d). CSEA charged that the County engaged in bad-faith negotiations and that its "tactics" were eroding the bargaining unit. The County Legislature approved the request, resulting in 12 of 24 therapist titles being placed in pay groups that were outside the bargaining unit under the terms of the collective bargaining agreement between CSEA and the County.*

Following a hearing, an Administrative Law Judge found that the County violated Civil Service Law § 209-a (1) (d) when it unilaterally reassigned these titles to a higher grade and that the unilateral wage increase applied to a bargaining unit position was a per se violation of Civil Service Law § 209-a (1) (a) (*Matter of Civil Serv. Empls. Assn. [County of Monroe]*, 29 PERB ¶ 4585). Upon administrative appeal, respondent Public Employment Relations Board (hereinafter PERB), finding that the County's reallocation of employees to a higher salary grade was not a mandatory bargaining subject, reversed (*Matter of Civil Serv. Empls. Assn. [County of Monroe]*, 29 PERB ¶ 3060). Petitioners then sought judicial review of PERB's determination in this proceeding, which was transferred to this Court pursuant to CPLR 7804 (g).

We reject the contention that PERB erred in concluding that the County did not engage in an unfair practice. Where, as here, "the question is whether the administrative agency made a correct legal interpretation, our task is merely to see whether the determination 'was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (*Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 50, quoting CPLR 7803 [3]). While it is beyond cavil that public

---

* CSEA represents approximately 3,000 County employees with job titles in pay groups 16 and below.

employers must negotiate in good faith with a recognized employee organization about the "terms and conditions of employment" (Civil Service Law § 204 [3]; *see, Matter of State of New York [Dept. of Transp.] v Public Empl. Relations Bd.*, 174 AD2d 905, 906) and the failure to do so constitutes an improper employment practice within Civil Service Law § 209-a (1) (d), not all matters are subject to mandatory negotiation (*see, Matter of Levitt v Board of Collective Bargaining*, 79 NY2d 120, 127). To this end, we note that PERB has been given the authority to determine whether a particular matter is a term or condition of employment; a determination that a particular subject is not a mandatory subject of negotiation will be judicially upheld " '[s]o long as PERB's interpretation is legally permissible and so long as there is no breach of constitutional rights and protections' " (*Matter of Board of Educ. v New York State Pub. Empl. Relations Bd.*, 75 NY2d 660, 666, quoting *Matter of West Irondequoit Teachers Assn. v Helsby, supra*, at 50).

In *Matter of Evans v Newman* (71 AD2d 240, *affd* 49 NY2d 904), relied upon by PERB in making its determination in this matter, this Court found that an employer's allocation of positions to salary grades is not a mandatorily negotiable subject and therefore not within the scope of collective bargaining (*see also, Matter of Public Empls. Fedn. [State of New York (Off. of Mental Health)]*, 23 PERB ¶ 4566; *Matter of County of Tompkins [Tompkins County Unit, Local 855, Civ. Serv. Empls. Assn.]*, 15 PERB ¶ 3092). Significantly, this Court noted that "[a]llocation of positions to salary grade is primarily related to a 'mission' of an employer and not to terms and conditions of employment" (*Matter of Evans v Newman, supra*, at 246). In *Matter of County of Tompkins (supra)*, PERB, in reliance on *Matter of Evans v Newman (supra)*, found that local governments should not be compelled to negotiate allocation of jobs to salary grades as such matters are "an essential aspect of the level and quality of service to be provided by a public employer" (*Matter of County of Tompkins [Tompkins County Unit, Local 855, Civ. Serv. Empls. Assn.], supra*, at 3140). In view of these decisions, we are satisfied that there is a reasonable basis for PERB's finding that the County was not obligated to negotiate the salary upgrades and that its determination in this regard was not arbitrary and capricious or based on an error of law.

Finally, contrary to CSEA's contentions, we find substantial evidence to support PERB's factual conclusion that the wage increases stemming from the reallocation and the removal of the 12 employees from the bargaining unit did not result from

an improper motive on the County's part (*compare*, *Matter of County of Nassau v State of New York Pub. Empl. Relations Bd.*, 103 AD2d 274, 277-278). It is clear from the record that the decision to reallocate these titles to higher pay groups was motivated solely by the County's demonstrated need to provide competitive salaries for these positions, thereby correcting past recruitment and retention problems.

We have reviewed petitioners' remaining arguments and find them to be unpersuasive.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.