■ In the Matter of TOWN OF CARMEL POLICE BENEVOLENT ASSOCIATION, INC., Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK et al., Respondents. [701 NYS2d 169] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that respondent Town of Carmel had not committed an improper employer practice.

The issue presented in this proceeding is whether the decision by respondent Public Employment Relations Board (hereinafter PERB) that respondent Town of Carmel's alteration of the early vacation procedure was a nonmandatory subject of bargaining is arbitrary and capricious, affected by an error of law and against the substantial weight of the evidence.

The procedures which were in effect for vacations allowed petitioner's unit members to exercise vacation picks at or before the beginning of the year in which vacation time is to be taken ("early vacation picks") and, thereafter, during the course of the year, prior to the taking of the requested vacation time ("later vacation picks"). The minimum staffing level rule requires that the number of police officers assigned to patrol may not be less than four a shift with a few exceptions.

In October 1995 the Town issued a memo which changed the vacation procedure by way of two modifications for "early picks" no matter whether minimum staffing levels are maintained: (1) police officers and sergeants on the same tour were not permitted to overlap vacations, and (2) if the department had only one lieutenant, the chief of police, lieutenant and/or sergeant would not be permitted to overlap vacations.

Petitioner filed an improper practice charge with PERB alleging that the Town violated Civil Service Law § 209-a (1) (d)

by unilaterally changing a practice whereby unit employees were granted vacation time selected by other police department personnel so long as predetermined minimum staffing levels were maintained. PERB conditionally dismissed the charge subject to a motion to reopen the matter before it. PERB determined that the issue raises contractual questions arguably beyond PERB's jurisdiction and which "are better resolved, if possible, in the grievance arbitration context". Thereafter, an arbitrator determined that the parties' 1994 agreement regarding vacation selection did not apply after 1995.

In June 1997 petitioner filed a notice to reopen with PERB. In July 1998 PERB, relying on *Matter of City of Yonkers (Uniformed Fire Officers Assn.)* (10 PERB ¶ 3056), affirmed the Administrative Law Judge's decision concluding that the vacation selection procedure was necessarily and inextricably entwined with the Town's staffing determination, and was not a mandatory subject of negotiation. This decision brought on the instant CPLR article 78 proceeding to review PERB's determination. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g) and upon the parties stipulation.*

Where, as here, the question is whether the administrative agency made a correct legal interpretation, the determination will be upheld if it is not affected by an error of law, arbitrary and capricious, or an abuse of discretion (*see, Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 50). While the failure of public employers to negotiate in good faith with recognized employee organizations about the terms and conditions of employment constitutes an improper employment practice within Civil Service Law § 209-a (1) (d), not all matters are subject to mandatory negotiation (*see, Matter of Civil Serv. Empls. Assn. v State of New York Pub. Empl. Relations Bd.*, 248 AD2d 882, 884). PERB has the authority to determine what is a term and condition of employment. As long as the "interpretation is legally permissible and * * * there is no breach of constitutional rights and protections, the courts have no power to substitute another interpretation" (*Matter of West Irondequoit Teachers Assn. v Helsby, supra*, at 50).

The determination must be confirmed. As we had previous occasion to note, the number of employees the municipality

---

* Under the circumstances a transfer to this Court pursuant to CPLR 7804 (g) was not warranted. No issue of substantial evidence exists. In the interest of judicial economy, however, this Court will retain the matter (*see, Matter of Suffolk County Dept. of Pub. Works v Public Serv. Commn.*, 229 AD2d 652, 653).

will hire "is clearly a basic policy decision to be made solely by the municipal governing body as to the allocation of its resources and the extent and quality of fire protection to be provided by the [municipality] for its citizenry" (*Matter of International Assn. of Firefighters v Helsby*, 59 AD2d 342, 345, *lv denied* 43 NY2d 649).

The Town's determination to increase its minimum staffing level is clearly a basic policy question for it to make. To hold that there is a duty to bargain the early approval of overlapping vacations is incompatible with the Town's managerial prerogative to set and change minimum staffing levels at the employer's discretion. We find that PERB's decision was not arbitrary or capricious or based on an error of law.

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.