■ In the Matter of ROGER E. BENSON, as President of the New York State Public Employees Federation, AFL-CIO, Petitioner, v MICHAEL R. CUEVAS, as Chairman of the New York State Public Employment Relations Board, et al., Respondents. [708 NYS2d 494] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which dismissed an improper practice charge brought by petitioner.

In May 1995 the Director of Classification and Compensation (hereinafter DCC) of the Department of Civil Service issued a tentative revised classification standard for the position of Nurse II (Psychiatric). A copy was sent to petitioner, as the representative of Nurse IIs in respondent Office of Mental Health (hereinafter OMH), for comment. The final revised classification standard for this position was issued by DCC in June 1995 and provided that a Nurse II may function as a unit supervisor on an evening or night shift, be in charge of nursing for an entire small facility or fill in for an absent supervisor, usually a Nurse Administrator I (Psychiatric), on an occasional and infrequent basis. Petitioner was given notification of the revised classification standard in writing on July 14, 1995.

As a result of this revision, petitioner wrote to respondent Governor's Office of Employee Relations (hereinafter GOER) in October 1995 requesting bargaining of what it argued was an increased workload for Nurse IIs. On October 26, 1995 petitioner filed an improper practice charge with respondent Public Employees Relations Board (hereinafter PERB) alleging that the unilateral adoption and application of the revised classification standards was violative of Civil Service Law § 209-a (1) (d) because (1) such revision altered mandatorily negotiable areas of compensation and salary rights of Nurse IIs, (2) it increased the workload of Nurse IIs, and (3) GOER failed to act in good faith by refusing to negotiate the impact of said revised classification standard.

A hearing was held before an Administrative Law Judge, the Assistant Director of PERB, who, in a written decision on July 9, 1998, dismissed the improper practice charge. Petitioner filed exceptions (see, 4 NYCRR former 204.10) and, on July 23, 1998, PERB issued a decision and order denying petitioner's exceptions and affirming the Administrative Law Judge's decision. Petitioner then commenced this proceeding in Supreme Court which was transferred to this Court pursuant to CPLR 7804 (g).

In this proceeding we must determine whether PERB's decision is supported by substantial evidence (see, Matter of State of N. Y. Dept. of Correctional Servs. v Kinsella, 220 AD2d 19). We note that "a determination that a particular subject is not a mandatory subject of negotiation will be judicially upheld ' "[s]o long as PERB's interpretation is legally permissible and so long as there is no breach of constitutional rights and protections" ' (Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 75 NY2d 660, 666, quoting Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d * * * [46,] 50)" (Mat-

*ter of Civil Serv. Empls. Assn. v State of N. Y. Pub. Empl. Relations Bd.*, 248 AD2d 882, 884). Where "the question is whether the administrative agency made a correct legal interpretation, our task is merely to see whether the determination 'was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (*Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 50, quoting CPLR 7803 [3]).

Petitioner makes no claim of any constitutional infirmity attendant to PERB's underlying determination but argues that its finding, that DCC had statutory authority to make the changes in the Nurse II classification standard, was arbitrary and capricious because the record reflects that OMH and DCC colluded to circumvent prior court decisions in favor of petitioner's members. Those decisions annulled determinations by GOER denying out-of-title work grievances when Nurse IIs were assigned to work as Nurse Administrator Is on a non-emergency basis prior to the new classification standard. However, on the facts presented here, the employer's attempt to remedy conditions which led to the filing of grievances is neither improper nor relevant. What is relevant is that DCC has statutory authority to classify and reclassify all civil service positions and to revise these classifications (*see*, Civil Service Law § 118 [1] [a]; [2] [b]) and that classification of civil service positions is a nonmandatory subject of negotiation (*see, Matter of Bartlett*, 12 PERB ¶ 3075, *revd in part on other grounds sub nom. Matter of Evans v Newman*, 100 Misc 2d 207, *affd* 71 AD2d 240, *affd* 49 NY2d 904; *Matter of City of Rochester*, 12 PERB ¶ 3010). Additionally, pursuant to article 5 (Management Rights) of the collectively bargained agreement between petitioner and the State, the employer was granted the right "to establish specifications for each class of positions and to classify or reclassify and to allocate or reallocate new or existing positions in accordance with law". Accordingly, we find PERB's determination, that the revised classification standard for Nurse IIs is not subject to mandatory negotiations, is supported by substantial evidence and petitioner's improper practice charge based on respondents' refusal to bargain on the issue of the change in the Nurse II classification standard was properly dismissed.

Second, petitioner's improper practice charge, i.e., that Nurse IIs were subject to an increase in workloads by the change in their classification standard thereby raising a mandatory topic for bargaining, was properly rejected by PERB. While the tasks of Nurse IIs may have been altered as a result of the change in their classification standard requiring an increase in salary

grade, such allocation of a position to a salary grade is not a subject for mandatory negotiations (*see, Matter of Civil Serv. Empls. Assn. v State of N. Y. Pub. Empl. Relations Bd.*, 248 AD2d 882, 884, *supra*). If the new tasks encompassed by the revised classification standard for Nurse IIs do not amount to out-of-title work, but constitute workload changes for the Nurse II title, respondents admit they are subject to "impact bargaining" (*see, Matter of County of Nassau*, 27 PERB ¶ 3054) and have agreed to same. If petitioner believes these new duties are not within the scope of the revised classification standard and constitute out-of-title work (*see*, Civil Service Law § 61 [2]), redress is available through contractually negotiated procedures (*see, e.g., Matter of Collins v Governor's Off. of Empl. Relations*, 211 AD2d 1001) but not through an improper practice charge filed with PERB (*see*, Civil Service Law § 205 [5] [d]).

Finally, since petitioner has withdrawn the improper practice charge accusing GOER of refusing to impact bargain the implementation of the revised classification standard at issue and there is no allegation in the petition of any improper action by GOER, GOER was not a necessary party to this proceeding.

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.