■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, ORANGE COUNTY LOCAL 836, CITY OF NEWBURGH UNIT, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [712 NYS2d 61] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that respondent City of Newburgh had not committed an improper employer practice.

Prior to January 1, 1995, respondent City of Newburgh in Orange County employed an animal control officer and an as-

sistant animal control officer; both positions were within petitioner's collective bargaining unit. Effective December 31, 1994, the City Council eliminated the positions for budgetary reasons and the work previously performed by the incumbents was thereafter performed by uniformed City police officers, who were within a different collective bargaining unit. In April 1995, petitioner filed a charge with respondent Public Employment Relations Board (hereinafter PERB) alleging that the City committed an improper employer practice in violation of Civil Service Law § 209-a (1) (d) when it assigned the duties previously performed by the animal control officers to nonunit police officers.

Ultimately, PERB determined that under existing case law (*see, e.g., Matter of State of New York Dept. of Correctional Servs. v Kinsella*, 220 AD2d 19; *Matter of Greenburgh Uniformed Firefighters Assn. [Fairview Fire Dists.]*, 29 PERB ¶ 3042), the transfer of the work from the animal control officers to police officers necessarily resulted in a significant change in qualifications and that the propriety of the transfer was therefore to be determined under the balancing test enunciated in *Matter of Niagara Frontier Transp. Auth. (Niagara Frontier Transp. Auth. Pub. Safety Officers Benevolent Assn.)* (18 PERB ¶ 3083).[1] Then applying that test and concluding that "the significant change in qualifications resulted in a change in the nature and level of the service the City provides to its constituents," PERB determined that, when weighed against a mere loss of unit work, these managerial concerns "clearly prevail and render the decision to transfer unit work one the City was not required to negotiate" (32 PERB ¶ 3015). PERB therefore dismissed the charge, a determination challenged by petitioner in this CPLR article 78 proceeding. Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g) and we now confirm.

---

1. In *Matter of Niagara Frontier Transp. Auth. (Niagara Frontier Transp. Auth. Pub. Safety Officers Benevolent Assn.)* (18 PERB ¶ 3083, *supra*), the following analysis was prescribed: "With respect to the unilateral transfer of unit work, the initial essential questions are whether the work had been performed by unit employees exclusively * * * and whether the reassigned tasks are substantially similar to those previously performed by unit employees. If both these questions are answered in the affirmative, there has been a violation of [Civil Service Law § 209-a (1) (d)], *unless the qualifications for the job have been changed significantly*. Absent such a change, the loss of unit work to the group is sufficient detriment for the finding of a violation. If, however, there has been a significant change in the job qualifications, then a balancing test is invoked; the interests of the public employer and the unit employees, both individually and collectively, are weighed against each other" (emphasis supplied).

Fundamentally, PERB's determination that a particular issue is not a mandatory subject of negotiation will be upheld if its " 'interpretation is legally permissible and * * * there is no breach of constitutional rights and protections' " (*Matter of Town of Carmel Police Benevolent Assn. v Public Empl. Relations Bd.*, 267 AD2d 858, 859, quoting *Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 50; *see, Matter of Civil Serv. Empls. Assn. v State of New York Pub. Empl. Relations Bd.*, 248 AD2d 882, 884). We conclude that PERB rationally applied the legal principles established in several "civilianization" cases (*see, e.g., Matter of State of New York Dept. of Correctional Servs. v Kinsella, supra*; *Matter of Greenburgh Uniformed Firefighters Assn. [Fairview Fire Dists.], supra*) to the facts of the present one and came to an entirely reasonable conclusion.

It is established law that, because of the special employment qualifications required of and possessed by police officers and firefighters (*see, Matter of Greenburgh Uniformed Firefighters Assn. [Fairview Fire Dists.], supra*), the substitution of civilian employees for uniformed officers will of itself constitute a substantial change in job qualifications (*see, id.; see also, Matter of State of New York Dept. of Correctional Servs. v Kinsella, supra*, at 23). It necessarily follows that the converse is true and that a substitution of police officers for civilian employees will also involve the requisite significant change. PERB therefore rationally concluded that the transfer of job functions from civilian to uniformed employees effected a significant change in job qualifications without reference to the actual duties performed by the two classes of employees.

Having reached that conclusion, it remained only to perform the balancing test prescribed in *Matter of Niagara Frontier Transp. Auth. (Niagara Frontier Transp. Auth. Pub. Officers Benevolent Assn.) (supra)*. Notably, because the animal control officer positions had been previously eliminated as the result of the City's legislative action, the loss of those jobs was not a factor that entered into the test. As properly concluded by PERB: "The elimination by the City Council of the two jobs was not a consequence that flowed from the City's reassignment of the nonemergency animal control duties to the police, it is the action that precipitated the assignment of unit work to nonunit employees. The loss of jobs, therefore, cannot be a part of the balancing test to determine whether the City's action in transferring the unit work to nonunit employees violated the [Public Employees' Fair Employment Act (Civil Service Law art 14)] because it did not occur as a result of the transfer of unit duties." (32 PERB ¶ 3015, *supra*.) Finally, balancing the

mere loss of unit work against the City's legitimate managerial concerns, PERB reasonably concluded that the latter prevailed and that the City was therefore not required to negotiate the transfer (*see, Matter of Greenburgh Uniformed Firefighters Assn. [Fairview Fire Dists.], supra*).

In view of the foregoing determination, we need not consider the parties' remaining contentions.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

