■ In the Matter of ELLEN HIGHTOWER, Appellant, v NEW YORK STATE DIVISION FOR YOUTH et al., Respondents. [600 NYS2d 845] —Mahoney, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 20, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Division for Youth concerning the reassignment and classification of petitioner's duties as Warrant Coordinator.

As the result of a 1988 reorganization within respondent New York State Division for Youth (hereinafter DFY), in March 1988 petitioner, a DFY employee who held the title of Senior Youth Division Counselor, was assigned to the position of supervisor of the AWOL Unit in Manhattan. When she objected to this assignment on the ground that she was fearful of working with the aggressive and violent youths placed in that unit, DFY ultimately assigned her to the newly created position of Warrant Coordinator for New York City. While aware that DFY's long-range plans were to centralize the warrant management section at its Albany office, petitioner willingly accepted this assignment. Matters proceeded without incident until May 24, 1990 when petitioner filed an out-of-title work grievance, alleging that the duties she performed as Warrant Coordinator were predominately clerical and not appropriate to the supervisory and counseling functions attendant to her title as Senior Youth Division Counselor (hereinafter the first grievance). During pendency of the grievance procedure, DFY notified petitioner that the planned Albany relocation was imminent and that her Warrant Coordinator position would be relocated to Albany effective July 19, 1990. Around this time, petitioner also was notified that the first grievance had been denied at steps one and two of the grievance procedure.

While petitioner pursued a step three appeal of her first grievance to respondent Governor's Office of Employee Relations (hereinafter GOER), before GOER had an opportunity to render a decision petitioner voluntarily resigned the Warrant Coordinator position instead of relocating to Albany and filed another grievance alleging that DFY had acted arbitrarily and capriciously in transferring her position to Albany and in

requiring her, in effect, to resign or relocate (hereinafter the second grievance). Ultimately, GOER ruled in petitioner's favor on the first grievance, concluding that the duties of Warrant Coordinator were indeed out of title for her. As regards the remedy, however, GOER found that there was little it could do. Because the actual duties performed were a lower grade than petitioner's classified level, under the terms of the collective bargaining agreement she was not entitled to monetary compensation, and because she had since resigned, thus rendering issuance of a cease and desist mandate to DFY of no effect, GOER concluded that it could do nothing but declare that the duties were out of title for petitioner.

Prior to issuance of a step three determination on the second grievance, petitioner, who had since been appointed to a Senior Youth Division Counselor position in the New York City area from a preferred eligible list, commenced the instant CPLR article 78 proceeding challenging the remedy fashioned in the first grievance and claiming entitlement to back salary and seniority credits for the period she was out of work. In her challenge, petitioner essentially combined the substance of the two grievances, arguing that DFY "acted arbitrarily, capriciously and unreasonably in forcing [her] to choose place-ment on a preferred list as the only alternative to reassign-ment to improper out-of-title duties in Albany".* Supreme Court ultimately dismissed the petition, concluding that while DFY's assignment of petitioner to the Warrant Coordinator position may have been erroneous in light of GOER's subse-quent determination, there was no evidence in the papers to indicate that the action, when taken, "was unreasonable and without logical foundation". Supreme Court further concluded that GOER's remedy was in all respects proper. Petitioner appeals.

We affirm. Initially, we note no impropriety in DFY's deci-sion to relocate the Warrant Coordinator position to Albany. As is made clear in article five of the 1988-1991 agreement between the State and the Public Employees Federation, the union representing petitioner's position, the State has the power and discretion to reassign a position to a different geographic location in order to best fulfill its duties, goals and objectives. While, concededly, this authority may not be exer-

---

* Supreme Court denied respondents' initial motion to dismiss the petition on the ground of petitioner's failure to exhaust administrative remedies, and this decision was not appealed. Six months after commencement of this proceeding, GOER issued a decision denying petitioner's second grievance.

cised in an arbitrary fashion or for punitive reasons, there is no indication in this record of any such abuse. Reorganization of DFY and centralization of warrant management in Albany were longstanding plans which had been contemplated for years and there is no evidence whatsoever that DFY's timing of the relocation decision was in any way punitive or in retaliation for petitioner's action in filing the first grievance.

Nor do we believe that the relocation decision had the arbitrary and capricious effect of forcing petitioner to choose between relocating with the out-of-title reassignment or resigning and accepting preferred list placement. Because granting geographically relocated employees preferred list/reemployment roster status as an option to refusing the reassignment is a well-established practice (cf., Civil Service Law § 80), crucial to the success of petitioner's argument in this regard is that the reassigned position was out of title for her. However, at the time the reassignment was made, it had not been established that petitioner's work was out of title—petitioner had been performing the job in excess of two years without complaint, her first grievance had been denied at steps one and two and GOER had not yet issued its step three determination. Accordingly, we agree with Supreme Court that while the subsequent GOER decision supports the proposition that DFY's original assignment of petitioner to the Warrant Coordinator position may have been erroneous, this after-the-fact revelation does not, under these circumstances, retroactively render arbitrary DFY's decision to reassign petitioner to Albany in the Warrant Coordinator position.

While petitioner emphasizes the unfairness attendant to having her position relocated during the pendency of an out-of-title grievance, in this case we see no abuse of discretion in DFY's failure to stay or postpone the relocation date pending resolution of the grievance. Undoubtedly, hardship and inequity at the agency's hands is readily apparent in cases where the agency reassigns an employee to an allegedly out-of-title position and then immediately relocates the position before the employee has a legitimate opportunity to challenge it. However, such is not the situation here. As noted by Supreme Court, petitioner was in the reassigned position for more than two years and knew all the while that future relocation to Albany was an inevitability. Yet she chose to make no out-of-title challenge until the last minute, when it became evident that the position was in fact going to be relocated. As such, the unfortunate dilemma that she found herself in and now

labels as unfair was not unilaterally created by DFY, but, in large part, was self-created and the result of her own delay.

As a final matter, we agree with Supreme Court that the remedy fashioned by GOER was all that it could do under the laws and rules governing it. The collective bargaining agreement under which petitioner brought her out-of-title grievance expressly precludes the issuance of a monetary award in situations where the employee's out-of-title duties were "appropriate to a lower salary grade or to the same salary grade as that held by [him or her]". The only other relief GOER was entitled to award in an out-of-title grievance was a direction to DFY that the out-of-title work assignment be discontinued and, because petitioner had since resigned, that remedy would be of no effect.

Weiss, P. J., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.