■ In the Matter of ARLENE GAJEWSKI et al., Appellants, v LINDA ANGELLO, as Director of the State of New York Governor's Office of Employee Relations, et al., Respondents. [753 NYS2d 565] —Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered October 11, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Assistant Director of the Governor's Office of Employee Relations denying petitioner Arlene Gajewski's out-of-title work grievance.

Petitioner Arlene Gajewski (hereinafter petitioner) is employed by the Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD) as a Developmental Assistant I (grade 12). As the sole supervisor of a four-bed group home, petitioner filed an out-of-title work grievance, pursuant to the collective bargaining agreement between petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA) and the State, contending that sole supervision of a group home falls under the Developmental Assistant II (grade 13) job title. Petitioner's grievance was initially denied by OMRDD, and CSEA, on petitioner's behalf, appealed to the Governor's Office of Employee Relations (hereinafter GOER). After obtaining an advisory opinion from Michael Roche, then-Director of the Division of Classification and Compensation of the Department of Civil Service, respondent Rebecca L. Caudle, Assistant Director of GOER, concluded that OMRDD had a consistent policy of assigning individuals in the Developmental Assistant I position as sole supervisors of group homes with fewer than six beds and, accordingly, denied petitioner's grievance. CSEA's subsequent appeal to respondent Linda Angello, Director of GOER, was similarly denied.

Petitioners thereafter commenced this CPLR article 78 proceeding seeking, inter alia, to annul Caudle's denial of petitioner's out-of-title work grievance and to obtain a declaration that petitioner's work assignment violated Civil Service Law §§ 61 and 115. Supreme Court found that there was a rational basis for Caudle's determination and dismissed the petition. Petitioners appeal, and we affirm.

It is well settled that "[a]n out-of-title work assignment exists when an employee has been assigned or compelled to perform the duties of a higher grade, without a concomitant increase in pay, frequently, recurrently and for long periods of time, unrelated to any temporary emergency requirement"

(*Matter of Caruso v Mayor of Vil. of S. Glens Falls*, 278 AD2d 608, 609). Our review, however, is limited to determining whether there is a rational basis for the administrative determination that petitioner's job duties were substantially similar to the duties set forth in her job description (*see Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d 725, 726; *Matter of Civil Serv. Empls. Assn. v Angello*, 277 AD2d 576, 578; *Matter of Gorelick v Governor's Off. of Empl. Relations*, 227 AD2d 858, 859). Here, the job descriptions for Developmental Assistant I and Developmental Assistant II are virtually identical, with the only distinction being the "higher level or wider scope of responsibility attributed to the Developmental Assistant II" position. Significantly, both positions "represent the direct supervisory level of staff assigned to residential and program settings." In addition, Caudle relied upon Roche's determination, consistent with these job descriptions, that OMRDD has a policy of assigning individuals in the Developmental Assistant I position as sole supervisors of small group homes. In our view, the record as a whole provides a rational basis for Caudle's determination that petitioner was not performing out-of-title work and, accordingly, petitioner's grievance was properly denied. Petitioners' remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.