■ In the Matter of Newark Valley Cardinal Bus Drivers, Local 4360, NYSUT, AFT, AFL-CIO, Appellant, v New York State Public Employment Relations Board et al., Respondents. [757 NYS2d 140] —Crew III, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered August 14, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respóndent Public Employment Relations Board holding that a certain proposed contract term was not the subject of mandatory collective bargaining.

Petitioner is the exclusive bargaining representative for the noninstructional employees of respondent Newark Valley Central School District (hereinafter the District). In April 2001, petitioner and the District met to negotiate the successor to the 1998-2001 collective bargaining agreement. In conjunction therewith, petitioner submitted proposal No. 19, which provided that "[t]he District will reimburse the cost of fingerprinting for new hires as well as current employees who are required to provide fingerprints."[1] The District refused to negotiate, finding that proposal No. 19 was a nonmandatory subject of negotiation. Petitioner thereafter filed a petition with respondent Public Employment Relations Board (hereinafter PERB) seeking a declaration that reimbursement for fingerprinting costs incurred by new hires and current employees indeed is a subject of mandatory negotiation. Although an administrative law judge sided with petitioner, PERB ultimately reversed, prompting petitioner to commence this CPLR article 78 proceeding to review PERB's determination. Supreme Court dismissed the petition, finding PERB's determination to be entirely rational, and this appeal by petitioner ensued.

We affirm. As a starting point, we note that PERB and, therefore, Supreme Court addressed only the issue of whether

1. Pursuant to Education Law § 3035 and Vehicle and Traffic Law § 509-d, all bus drivers must be fingerprinted and undergo a criminal background check in order to drive a school bus.

reimbursement of preemployment fingerprinting costs for prospective employees was a subject of mandatory negotiation. Hence, any issue surrounding the reimbursement of such costs for current unit employees is not before us.

Turning to the merits, it is well settled that PERB's determination in this matter may not be set aside unless it is found to be arbitrary and capricious, affected by an error of law or an abuse of discretion (see *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v Cuevas*, 276 AD2d 184, 187 [2000], *lv denied* 96 NY2d 711 [2001]). Insofar as is relevant to this appeal, the issue of whether a particular proposal constitutes a term and condition of employment, thereby rendering it the subject of mandatory collective bargaining, is a matter committed to PERB's sound discretion (see *id.* at 188; *Matter of Town of Carmel Police Benevolent Assn. v Public Empl. Relations Bd. of State of N.Y.*, 267 AD2d 858, 859 [1999]). We perceive no abuse of that discretion here.

In our view, both PERB and Supreme Court correctly concluded that the matter before us essentially is indistinguishable from PERB's prior determination in *Matter of State of New York (Civil Serv. Empls. Assn. Local 1000, AFSCME, AFL-CIO)* (13 PERB ¶ 3099). In that case, the union opposed the state's decision to impose a fee upon all individuals taking the state civil service examination. Noting that the union was challenging the imposition of the fee in general,[2] PERB held that the application of such fee was not a subject of mandatory negotiation because, unlike the promotional examinations offered to existing state employees, the civil service examination was open and the fee imposed was applied to the public at large. Here, the cost of fingerprinting potential bus drivers falls into the same category—namely, a preemployment expense that is applicable to all prospective employees regardless of whether such individuals subsequently are hired. In this regard, the cases relied upon by petitioner (see e.g. *Matter of Franklin-Essex-Hamilton BOCES Teachers Assn. [Franklin-Essex-Hamilton County Bd. of Coop. Educ. Servs.]*, 17 PERB ¶ 4612; *Matter of Mamaroneck [Town of Mamaroneck Police Benevolent Assn.]*, 16 PERB ¶ 3037) are inapposite as they relate to the manner in which preemployment events, e.g., prior experience, affect salary. Petitioner's remaining contentions, including its assertion that PERB's determination runs afoul of Education Law § 3035 (6), have been examined and found to be lacking in merit.

---

**2.** The union apparently did not contend that reimbursement of such fee for existing state employees would constitute a term and condition of employment and, therefore, would be a mandatory subject of negotiation.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.