■ In the Matter of MICHELLE BRENNER et al., Appellants, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [771 NYS2d 218]—

Kane, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 30, 2002 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying petitioners' out-of-title work grievance.

This is a companion case to *Matter of Loehr v Governor's Off. of Empl. Relations* (3 AD3d 653 [2004] [decided herewith]). As in that case, petitioners Michelle Brenner, Michael Frisicaro, Julie Miller, Mary Lou Swiatowski, Diane Broadwater, Rhoda Smith, Mary Smith, Denise Moeller and Michael Connelly (hereinafter collectively referred to as petitioners) are employed as Nurse IIs, a grade 16 position, by respondent Office of Mental Health (hereinafter OMH), but at a different facility, respondent Western New York Children's Psychiatric Center. Petitioners filed grievances alleging that they were required to perform out-of-title work by filling in for the higher title of Nurse Administrator I, a grade 20 position. In addition, some petitioners here also claimed that they were required to perform tasks within the job description of various aides, grades 9 and 11 positions. Each petitioner's grievance was individually denied by

OMH. Respondent Governor's Office of Employee Relations (hereinafter GOER) denied their appeals collectively, finding that petitioners' assignments as Nurse Administrator Is ranged from 1% to 18% of each employee's work schedule, assignment to aide duties ranged from 1% to 19% of each employee's work schedule, and that assignment to these duties does "not constitute a majority of [petitioners'] work schedule[s] and consequently do[es] not rise to the level of out-of-title work." No further administrative appeal was taken, so the factual findings remain unchallenged. Petitioners and the president of their union appeal Supreme Court's dismissal of their CPLR article 78 challenge to GOER's determination.

Whether OMH's assignments of petitioners to Nurse Administrator I duties constituted the majority of petitioners' work schedules is not the relevant standard. Consistent with our decision in *Matter of Loehr*, we remit this matter to GOER for a determination which clearly elucidates its basis for finding whether such assignments ranging from 1% to 18% of a Nurse IIs working time were "occasional and infrequent," as permitted by the Nurse II job description, or were regular or frequent, constituting out-of-title work in violation of Civil Service Law § 61 (2) and the collective bargaining agreement.

Unlike *Matter of Loehr*, some petitioners here also alleged that they were required to perform below-grade tasks generally assigned to aides, including bathing and feeding patients. OMH explained that direct patient interaction in grooming and feeding is sometimes necessary in order for Nurse IIs to carry out duties in their job description, including developing and revising patient care plans, and assessing patients' problems, needs and wellness states. Additionally, OMH disagreed with petitioners' factual assertions and concluded that petitioners were not generally required to bathe, groom or feed patients. Instead, OMH indicated that patients were capable of performing these activities themselves but sometimes required Nurse IIs to supervise them. Considering that petitioners may not have performed the activities alleged to be below-grade, and that such work, if performed, may fit within their position description even if it overlaps duties performed by aides, GOER's determination denying the portions of the grievances relating to below-grade out-of-title work had a rational basis and was not arbitrary (*see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME v Angello*, 277 AD2d 576, 578 [2000]; *Matter of Gergis v Governor's Off. of Empl. Relations*, 206 AD2d 766, 768 [1994], *lv denied* 84 NY2d 811 [1994]). Consequently, on remittal GOER need only address the above-grade portions of the grievances.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition as to the grievances relating to above-grade out-of-title work; petition partially granted, determination annulled to that extent and matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.