=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 23
In the Matter of New York State
Correctional Officers and Police
Benevolent Association, Inc., et
al.,
            Appellants,
        v.
Governor's Office of Employee
Relations, et al.,
            Respondents.


        Erin N. Parker, for appellants.
        Laura Etlinger, for respondents.




MEMORANDUM:

        The order of the Appellate Division should be affirmed,

with costs.

        Petitioner Thomas Tierney was employed by respondent

Office of Mental Health (OMH) as a Safety and Security Officer 2

(SSO2).  He was assigned to the Hudson River Psychiatric Center

in Dutchess County and represented by petitioner New York State

- 1 -

Correctional Officers and Police Benevolent Association, Inc. (NYSCOPBA). The position of SSO2 is a salary grade 15 position. In June 2011, when the Chief Safety and Security Officer (CSSO) of the Hudson River facility transferred to another facility, Tierney was advised that he would be serving as Acting CSSO.  He served in that capacity until the facility closed in January 2012.

In August 2011, Tierney filed an out-of-title work grievance with OMH, in accordance with the three step review process as outlined in the collective bargaining agreement, seeking additional compensation (a salary grade of 20) for the duties he performed as Acting CSSO.  In his grievance form, he claimed that he was performing the work of a CSSO by overseeing day to day operations, attending committee and sub-committee meetings, compiling Environment of Care Committee reports, overseeing vendors, generating reports, conducting TIMR conference calls,[1] monitoring and tracking overtime and adjusting day schedules to minimize usage.  He also stated that he supervised two Safety and Security Officers (SSO1s) and one SSO1 trainee.

Step 1 of the grievance process, which is review at the facility level, is customarily conducted by the CSSO.  Because Tierney was acting in that capacity, this step was bypassed.  At

---

[1]TIMR refers to testing, inspection, maintenance and repair/replacement contracts.

Step 2, which was OMH's review of the grievance, OMH did not dispute that Tierney was performing the tasks detailed in his grievance form.  OMH sustained the grievance and noted that under the terms of the NYSCOPBA contract, monetary awards for out-of-title grievances can only be made retroactive to 15 calendar days prior to the certified mailing of the grievance.  Because, according to OMH, "[o]nly the Director of the Governor's Office of Employee Relations [GOER] has the authority to issue monetary awards," OMH requested that the Director of Classification and Compensation at the Department of Civil Service (DCC) affirm the decision and take appropriate action.

At Step 3 of the review, where GOER seeks an opinion from DCC as to whether the grieved duties are substantially different from those appropriate to the title to which the employee is certified, DCC undertook its own comparison of the duties and responsibilities of CSSOs and SSO2s, and, finding that the grieved duties were consistent with the SSO2 title, denied the grievance.  Specifically, it found that SSO2s are working supervisors responsible for all the activities of SSO1s, and that the duties performed by Tierney as Acting CSSO were consistent with those activities.  DCC also detailed some of the duties that are assigned to CSSOs and that would have been out-of-title for a SSO2 but were not included in Tierney's grievance, such as supervising and directing all safety and security personnel, reviewing all marginal and unsatisfactory employee ratings,

developing protocols and education programs that address a safe,
secure and therapeutic environment, maintaining safety equipment
and records, and directing the enforcement of the New York State
Uniform Fire Prevention and Building Code.  GOER adopted the
findings of DCC and denied the grievance.

In his article 78 petition, Tierney alleged, in sum and
substance, that in addition to the duties he included in his
grievance form, he performed the out-of-title duties detailed by
DCC in its decision.  Those additional duties were not included
in the grievance form and apparently were not considered by OMH.
Accordingly, they were not considered by the motion court or the
Appellate Division (see Rizzo v. New York State Div. of Housing
and Community Renewal, 6 NY3d 104, 110 [2005]["judicial review of
administrative determinations is confined to the facts and record
adduced before the agency."]).  The motion court concluded that
GOER's determination that petitioner's responsibilities as an
acting CSSO were substantially similar to the job description of
a SSO2 was not arbitrary and capricious and dismissed the
proceeding.  A divided Appellate Division affirmed (126 AD3d 1267
[3d Dept 2015]), and we now affirm.

Where respondents' determination "is supported by a
rational basis, and is neither arbitrary nor capricious, it will
not be disturbed" (Matter of Nehorayoff v Mills, 95 NY2d 671, 675
[2001]).  Civil Service Law § 61 (2) proscribes the assignment of
an employee to "perform the duties of any position unless he [or

she] has been duly appointed, promoted, transferred or reinstated to such position" other than when those duties are performed on a temporary emergency basis. There was evidence in the record to support the determination that Tierney was performing duties that were consistent with, and a natural extension of, his title as a SSO2. Thus, here, we do not have the combination of out-of-title work and the work being performed for an extended period of time (cf. Matter of Sprague v Governor's Off. of Empl. Relations, 13 AD3d 849 [3d Dept 2004]).

The conclusion reached by DCC and adopted by GOER is not arbitrary or capricious simply because it differs from the conclusion of OMH. In sum, GOER's determination that Tierney was performing duties consistent with his position as a SSO2 and was not performing the key distinctive duties of the CSSO position is rationally based.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, in a memorandum. Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided March 29, 2016