Matter of Spence v New York State Governor's Off. of Empl. Relations (2020 NY Slip Op 03052)





Matter of Spence v New York State Governor's Off. of Empl. Relations


2020 NY Slip Op 03052


Decided on May 28, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 28, 2020

528035

[*1]In the Matter of Wayne Spence, as President of the New York State Public Employees Federation, AFL-CIO, et al., Appellants,
v
New York State Governor's Office of Employee Relations et al., Respondents.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Renee L. Delgado, New York State Public Employees Federation, AFL-CIO, Albany (Nathaniel J. Nichols of counsel), for appellants.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.



Clark, J.P.
Appeal from a judgment of the Supreme Court (Elliott III, J.), entered November 23, 2018 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review determinations of respondent Governor's Office of Employee Relations denying certain petitioners' out-of-title work grievances.
Petitioner Wayne Spence is the president of the New York State Public Employees Federation, AFL-CIO (hereinafter PEF) — the certified collective bargaining representative of employees in the Professional, Scientific and Technical Services bargaining unit. The remaining petitioners include various parole officers (salary grade 21) and a senior parole officer (salary grade 24) (hereinafter collectively referred to as the individual petitioners), who, at all relevant times, were assigned to the Nassau County Parole Office and were members of the Professional, Scientific and Technical Services unit. In July 2016, an institutional safety officer within the parole office resigned, and, in the weeks that followed, the individual petitioners were "directed to provide rotating coverage" of certain building security functions to fill gaps caused by the resignation.
In August 2016, the individual petitioners separately filed out-of-title work grievances with respondent Department of Corrections and Community Supervision (hereinafter DOCCS), wherein they alleged that they had been assigned to perform the building security duties of an institutional safety officer (salary grade 9) in violation of Civil Service Law § 61 (2) and article 17 of their collective bargaining agreement. DOCCS denied the grievances, and the individual petitioners administratively appealed to respondent Governor's Office of Employee Relations (hereinafter GOER). GOER denied the grievances in accordance with the recommendation of respondent Division of Classification and Compensation of the Department of Civil Service. Petitioners then commenced this CPLR article 78 proceeding to challenge GOER's determinations. Supreme Court dismissed the petition, prompting this appeal.
We affirm. "Out-of-title work, other than that performed on an emergency basis, is prohibited by Civil Service Law § 61 (2)" and, as relevant here, by the governing collective bargaining agreement (Matter of Woodward v Governor's Off. of Empl. Relations, 279 AD2d 725, 726-727 [2001]; accord Matter of Brynien v Governor's Off. of Empl. Relations, 79 AD3d 1435, 1436 [2010]). "An out-of-title work assignment exists when an employee has been assigned or compelled to perform the duties of a higher grade, without a concomitant increase in pay, frequently, recurrently and for long periods of time" (Matter of Caruso v Mayor of Vil. of S. Glens Falls, 278 AD2d 608, 609 [2000] [citation omitted]; see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 126 AD3d 1267, 1268 [2015], affd 27 NY3d 936 [2016]).[FN1] "Not all additional duties constitute out-of-title work"; the dispositive "question is whether the new duties are appropriate to [the employee's] title[] and/or are similar in nature to, or a reasonable outgrowth of, the duties listed in [the employee's] job specifications" (Matter of Haubert v Governor's Off. of Empl. Relations, 284 AD2d 879, 880 [2001]; see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d 1192, 1194 [2013]).
The record establishes that, on a limited and temporary basis,[FN2] the individual petitioners were periodically assigned to perform certain building security functions, such as searching incoming persons, operating the magnetometer and securing the waiting room and area office. Although such duties were routinely assigned to institutional safety officers, GOER determined, upon a review of the relevant classification standards, that the duties could be appropriately performed by properly classified parole officers and senior parole officers and, thus, that the assignments were not out-of-title. In reviewing GOER's determination, this Court is limited to assessing whether the record as a whole provides a rational basis for the determination, and we will not disturb it unless it is wholly arbitrary or lacking a rational basis (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d at 1193; Matter of Woodward v Governor's Off. of Empl. Relations, 279 AD2d at 726-727).
As noted in their classification standards, parole officers and senior parole officers are sworn peace officers under the Criminal Procedure Law, which empowers them to, among other things, perform warrantless searches and arrests, use physical force in making an arrest or preventing an escape and take custody and possession of firearms not owned by peace officers for lawful purposes (see CPL 2.10 [23]; 2.20). In addition, the classification standards set forth that, among other responsibilities, parole officers and senior parole officers are required to perform law enforcement functions, carry firearms, pass firearms qualification testing and participate in mandatory deadly physical force and tactical training. Given the training and qualifications possessed by parole officers and senior parole officers, as well as the similarities between the grieved duties and those enumerated in the applicable classification standards, we find that a rational basis exists to support GOER's determination that the assigned duties did not constitute out-of-title work (see Matter of Cushing v Governor's Off. of Empl. Relations, 58 AD3d 1095, 1097 [2009]; Matter of Brenner v Governor's Off. of Empl. Relations, 3 AD3d 644, 645 [2004]). Accordingly, as there is no basis to disturb GOER's denial of the grievances, we affirm Supreme Court's dismissal of the petition.
To the extent that we have not addressed any of petitioners' arguments, they have been reviewed and found to be lacking in merit.
Mulvey, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Under the applicable collective bargaining agreement, out-of-title assignments below an employee's salary grade do not entitle that employee to monetary compensation; rather, in such circumstances, the employee is entitled to a declaration that the duties were out-of-title and to a discontinuance of the out-of-title assignments (see Matter of Hightower v New York State Div. for Youth, 195 AD2d 913, 914, 916 [1993], lv denied 82 NY2d 660 [1993]).

Footnote 2: The grievance forms indicated that, following the retirement of an institutional safety officer, the individual petitioners were assigned to cover shifts routinely performed by the institutional safety officer in the range of two to five dates in July 2016, with hours of coverage ranging from 5.5 to 19.5 hours in total.