Matter of Burnham v New York State Governor's Off. of Empl. Relations (2023 NY Slip Op 03269)

Matter of Burnham v New York State Governor's Off. of Empl. Relations

2023 NY Slip Op 03269

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

534879
[*1]In the Matter of Candace Burnham et al., Appellants,
v
New York State Governor's Office of Employee Relations et al., Respondents.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Latham (Brian T. Cook Jr. of counsel), for appellants.
Letitia James, Attorney General, Albany (Alexandria R. Twinem of counsel), for respondents.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Susan M. Kushner, J.), entered January 20, 2022 in Albany County, which partially dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying certain petitioners' out-of-title work grievance.
Petitioner Wayne Spence is the president of the New York State Public Employees Federation, AFL-CIO, the certified collective bargaining representative of employees in the Professional, Scientific and Technical Services bargaining unit. At all relevant times, the remaining five petitioners (hereinafter collectively referred to as to the individual petitioners) were members of the bargaining unit and employed by respondent New York State Police in the title of Program Research Specialist (hereinafter PRS) 2 (salary grade 18) in the Criminal Intelligence Section of the New York State Intelligence Center (hereinafter NYSIC). In 2016, the individual petitioners jointly filed an out-of-title work grievance with the State Police, asserting that they had been assigned to perform the duties of an Intelligence Analyst (hereinafter IA) 1 (salary grade 25) — a title that existed exclusively within the Counter Terrorism Section of NYSIC — in violation of Civil Service Law § 61 (2) and their collective bargaining agreement. The State Police denied the grievance on procedural grounds. Upon appeal to respondent Governor's Office of Employee Relations (hereinafter GOER), GOER, in conformance with the recommendation of respondent Division of Classification and Compensation of the Department of Civil Service, concluded that the individual petitioners were working out-of-title and directed the State Police to cease and desist from making such out-of-title assignments. GOER, however, further concluded that additional compensation was unwarranted as the out-of-title work performed was appropriate to salary grade 18.[FN1]
Petitioners then commenced this CPLR article 78 proceeding to challenge GOER's determination. Supreme Court upheld the determination to the extent that it denied the individual petitioners additional compensation for their out-of-title work relating to criminal intelligence and anti-crime duties but remitted the matter to respondents to more fully develop the administrative record with respect to the individual petitioners' counterterrorism duties and for GOER to issue a new determination as to whether the individual petitioners are entitled to additional compensation for those specific duties. Petitioners appeal.[FN2]
Initially, we are not persuaded that Supreme Court erred in partially remitting this matter. The administrative record contains a chart prepared by petitioners describing the out-of-title work allegedly performed, but there are no administrative findings relevant to that chart, including whether the counterterrorism duties therein were in fact performed and, if so, how often each individual petitioner [*2]engaged in such work. GOER only considered this chart in articulating petitioners' allegations, and, because the State Police denied the grievance for procedural reasons,[FN3] there were no findings made at the agency level. Although GOER concluded, and respondents concede, that the grieved duties were inconsistent with those of a properly classified PRS 2, whether that out-of-title work was rationally determined to be appropriate to grade 18 hinges upon the degree to which the assigned out-of-title work was counterterrorism in nature, as counterterrorism work was, at the relevant time, valued at no lower than salary grade 25. Thus, it was not erroneous for Supreme Court to remit for a new determination following development as to the alleged counterterrorism duties, the length of time each individual petitioner engaged therein and the ratio of any such duties to each individual petitioner's work as a whole (see generally Matter of Brenner v Governor's Off. of Empl. Relations, 3 AD3d 644, 645 [3d Dept 2004]). Significantly, although petitioners take issue with this procedure, the court's decision to remit could only benefit them in light of their lack of credited proof of counterterrorism work otherwise. That said, it bears noting that the procedural posture of this appeal is less than ideal; when faced with an administrative determination that is inadequate to permit meaningful judicial review, the better practice would be for Supreme Court to withhold decision, remit for a new or supplemental determination and to then consider the matter as a whole, avoiding piecemeal review.
Next, we agree with Supreme Court that, to the extent that the individual petitioners performed out-of-title work while engaged in criminal intelligence duties, GOER's conclusion that said duties were appropriate to salary grade 18 was rational. Pursuant to the applicable collective bargaining agreement, out-of-title duties found to be appropriate to the same salary grade as that held by the affected employees do not entitle those employees to monetary compensation; rather, in such circumstances, the employees are entitled only to a declaration that the duties were out-of-title and to a discontinuance of the out-of-title assignments (see Matter of Spence v New York State Governor's Off. of Empl. Relations, 183 AD3d 1199, 1201 [3d Dept 2020], lv denied 35 NY3d 916 [2020]; Matter of Hightower v New York State Div. for Youth, 195 AD2d 913, 914, 916 [3d Dept 1993], lv denied 82 NY2d 660 [1993]).
The performance evaluations of the individual petitioners demonstrate that they monitor, collect and analyze open source information, raw crime-related data and intelligence information using a variety of analytical tools and techniques. They serve as liaisons with internal and external groups and individuals to provide analytical assistance, collect and disseminate intelligence data and share resources. They respond to major criminal investigations by providing analytical and information[*3]-sharing support and provide oral and written briefings on the current criminal threat environment and other topics as requested. GOER compared these duties with, among other classification standards, the standards for the Investigative Specialist (hereinafter IS) title series, concluding that the State Police's use of the PRS title has essential commonalities with IS 1, 2 and 3 (salary grades 18, 23 and 25).[FN4] In pertinent part, IS titles investigate reported or suspected violations of law using a variety of investigative techniques, including gathering and verifying of information, interviewing witnesses and complainants, reviewing electronic and paper documents and conducting surveillance and undercover activities. They prepare written reports of their findings, which may be used by agency management and law enforcement in support of criminal charges. An IS 1 (salary grade 18) will independently undertake such investigations, and they may represent the agency on joint operations with various federal, state, county and municipal law enforcement agencies, sometimes as a team leader.
Judicial review of GOER's determination in this context is limited to assessing whether it is arbitrary and capricious (see CPLR 7803 [3]). Given the similarities between the criminal intelligence duties performed by the individual petitioners during the relevant time period and the IS 1 classification standard, we find no basis for disturbing this aspect of GOER's determination. Accordingly, Supreme Court properly partially dismissed the petition.
Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The subject grievance and others like it ultimately led to the Department of Civil Service reclassifying the PRS and IA titles within NYSIC to a new title series — State Police Intelligence Analyst 1-4 (salary grades 18, 23, 25 and 29).

Footnote 2: During the pendency of this appeal, GOER undertook additional review of the subject grievance and issued a supplemental determination. Petitioners commenced a separate CPLR article 78 proceeding challenging that determination, which has been stayed pending this appeal.

Footnote 3: Those reasons included the absence of any supporting documentation from a supervisor. Although some such documentation was later provided to the State Police, the adequacy thereof was never assessed because the individual petitioners did not resubmit a corrected grievance as directed and instead appealed directly to GOER.

Footnote 4: Although GOER summarily concluded that the duties described were appropriate to grade 18, we may consider the affidavit provided by the Division manager explaining the rationale for the determination, "as there was no administrative hearing and the affidavit was based on firsthand knowledge of the decision-making process regarding petitioner[s'] application" (Matter of Streety v Annucci, 203 AD3d 1509, 1511 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]; see Matter of Gesmer v Administrative Bd. of the N.Y. State Unified Ct. Sys., 194 AD3d 180, 184 n 2 [3d Dept 2021], appeal dismissed 37 NY3d 1103 [2021]).