Matter of Theopheles v County of Rensselaer
2026 NY Slip Op 03492
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Lisa Theopheles, Appellant,
v
County of Rensselaer et al., Respondents.

Decided and Entered:June 4, 2026
CV-25-0545
Calendar Date: April 21, 2026
Before: Garry, P.J., Ceresia, Powers And Mackey, JJ.

Gleason, Dunn, Walsh & O'Shea, Albany (Mark T. Walsh of counsel), for appellant.
Bolaños Labor Law, Pittsford (Karlee S. Bolaños of counsel), for respondents.

[*1]
Mackey, J.
Appeal from a judgment of the Supreme Court (Richard McNally Jr., J.), entered March 4, 2025 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Rensselaer County Department of Social Services denying petitioner's out-of-title work grievance.
The underlying facts of this matter are familiar to this Court, having been the subject of a prior appeal (229 AD3d 1026, 1026-1027 [3d Dept 2024]). Briefly, petitioner is employed as a supervising support investigator (hereinafter the grade 15 title) in the child support unit of respondent Rensselaer County Department of Social Services (hereinafter DSS). In 2019, petitioner filed a grievance pursuant to the collective bargaining agreement (hereinafter CBA) between respondent County of Rensselaer and the United Public Service Employees Union, alleging that, after the abrupt resignation of her supervisor, she began performing out-of-title work, as she was tasked with supervising the entire child support unit. In this regard, petitioner asserted that her former supervisor had held the title of supervisor of investigations and support (hereinafter the grade 20 title) and that, following his resignation, she began supervising the entire child support unit in the capacity of support collection supervisor (a grade 18 title), which position had apparently been held by the previous head of the child support unit.
Several stages of administrative review ensued, culminating in the grievance being brought before an arbitrator in 2021. Respondents sought a stay of arbitration and Supreme Court's (McGrath, J.) subsequent ruling limited the scope of arbitration to petitioner's allegations of out-of-title work following August 2019, the date of the grade 20 title's resignation. The grievance proceeded to arbitration, after which the arbitrator found in favor of the County. Petitioner thereafter commenced this CPLR article 78 proceeding asserting that respondents violated Civil Service Law § 61 (2) in assigning her out-of-title work without proper compensation. Respondents moved, pre-answer, to dismiss the petition, arguing that petitioner's claim was precluded by the arbitration award. Supreme Court (McNally Jr., J.) granted respondents' motion but this Court reversed, and the matter was remitted to Supreme Court to permit respondents to answer (id. at 1029-1030). On remittal, Supreme Court dismissed the petition upon finding that, in view of various submitted documentation concerning petitioner's job title specifications, petitioner was appropriately tasked with overall supervision of the child support unit and that a rational basis supported the determination that she was not assigned out-of-title work. Petitioner appeals.
"Out-of-title work, other than that performed on an emergency basis, is prohibited by Civil Service Law § 61 (2)" (Matter of Spence v New York State Governor's Off. of Empl. Relations, 183 AD3d 1199, 1200 [*2][3d Dept 2020] [internal quotation marks and citation omitted], lv denied 35 NY3d 916 [2020]). "It is well settled that an out-of-title work assignment exists when an employee has been assigned or compelled to perform the duties of a higher grade, without a concomitant increase in pay, frequently, recurrently and for long periods of time, unrelated to any temporary emergency requirement" (Matter of Gajewski v Angello, 301 AD2d 721, 721-722 [3d Dept 2003] [internal quotation marks, brackets and citation omitted]; accord Matter of Spence v New York State Governor's Off. of Empl. Relations, 183 AD3d 1200). Nevertheless, "[n]ot all additional duties constitute out-of-title work but, instead, the question is whether the new duties are appropriate to [the individual] petitioners' titles and/or are similar in nature to, or a reasonable outgrowth of, the duties listed in [the individual] petitioners' job specifications" (Matter of Haubert v Governor's Off. of Empl. Relations, 284 AD2d 879, 880 [3d Dept 2001]; see Matter of Gajewski v Angello, 301 AD2d at 722). Our review of an out-of-title work grievance is limited to "whether the record as a whole provides a rational basis for the underlying determination, which will not be disturbed absent a showing that it is wholly arbitrary or without any rational basis" (Matter of Woodward v Governor's Off. of Empl. Relations, 279 AD2d 725, 726-727 [3d Dept 2001] [internal quotation marks and citation omitted]; see CPLR 7803 [3]; Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d 1192, 1193 [3d Dept 2013]).
Initially, it is undisputed that petitioner was tasked with the supervision of DSS's entire child support unit during the relevant time period. The question before us thus distills to whether a rational basis supports finding that such a supervisory role fell within the duties of petitioner's job title. The record reflects that petitioner had previously held the position of senior support investigator, a grade 11 title. In 2016, the grade 18 title of support collection supervisor was reclassified, pursuant to respondents' request, into the grade 15 title that petitioner would come to hold upon her promotion to that position later that same year. The job specifications for the newly reclassified grade 15 position defines the role as "an administrative position involving responsibility for supervising the support investigation functions of the child support unit . . . under the general direction of the [s]upervisor of [i]nvestigations and [s]upport." Included illustrative examples of the grade 15 job duties, even where sometimes supervisory in nature, relate solely to the investigative functions of the child support unit, with no mention of supervisory responsibility for the entire child support unit.
We agree with petitioner that Supreme Court, in finding that supervision of the entirety of the child support unit fell within her job description, [*3]erred in relying upon respondents' proffered MSD-222 form. That form, denominated a "New Position Duties Statement," had been submitted by respondents as part of their application to the County Civil Service Commission for the reclassification of certain job titles. Indeed, the grade 15 title position is prospectively defined therein as encompassing the "supervision of child support unit employees" and the "training of staff in support investigation procedures and techniques" generally. Significantly, however, consistent with the prohibition of Civil Service Law § 61 (2) against the regular assignment of duties "not appropriate to the position" held, Civil Service Law § 22 mandates that before a new position is created or an existing position reclassified, a proposal for same, "including a statement of the duties of the position, shall be referred to the municipal commission," and that such positions may be created or reclassified "only with the title approved and certified by the commission." The record here reflects that, although the County Civil Service Commission informed respondents that a determination as to the reclassification of the supervising support investigator position had been made, the MSD-222 form submitted by respondents as part of their application was not signed by the Commission. Instead, the position's duty specifications were revised, and nothing in that job description includes any supervisory role outside of the investigative functions of the child support unit.FN1 As such, the relied upon MSD-222 form here merely evinces respondents' failed attempt to include a general supervisory duty as part of the reclassification of the grade 15 title. Upon this record, the determination that petitioner's supervision of DSS's entire child support unit fell within her job title specifications and, thus, did not constitute assigned out-of-title work, is without a rational basis and must be reversed (see Matter of Steen v Governor's Off. of Empl. Relations, 271 AD2d 738, 740 [3d Dept 2000]; see also Matter of Gajewski v Angello, 301 AD2d at 722; Matter of Haubert v Governor's Off. of Empl. Relations, 284 AD2d at 880).
Garry, P.J., Ceresia and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, determination annulled, and matter remitted to respondent Rensselaer County Department of Social Services for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1
We note that, when applying for a job title, an applicant relies upon the published job description and not the employer's application underlying the creation or reclassification of that title. To be sure, the applicant may not be aware of or, for that matter, have access to that application short of making a request pursuant to the Freedom of Information Law.